UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| UNITED STATES OF AMERICA | CIVIL ACTION NO. 08-1897 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| CURTIS LEE WEST and DANA NICOLE WILLIAMS WEST | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for in personam judgment filed by plaintiff the United States of America ("Government").[1] The government's motion asserts that it is entitled to entry of judgment against defendants Curtis Lee West and Dana Nicole Williams West ("Defendants") on the basis that defendants defaulted on three separate promissory notes executed in favor of the government, acting through the Farmers Home Administration, United States Department of Agriculture ("FSA").[2] More specifically, the government asserts that it made substantial loans to defendants under a government loan program administered by the FSA as follows:

| Loan No. | Date of Note | Principal Sum | Interest Rate |
|---|---|---|---|
| 44-05 | 03/21/03 | $55,000.00 | 3.50% per annum |
| 44-06 | 11/04/03 | $39,000.00 | 3.00% per annum |
| 44-09 | 04/29/05 | $75,000.00 | 4.25% per annum |
| 43-11 | 06/07/06 | $52,010.00 | 3.75% per annum[3] |

---

[1] R. 15.

[2] Id.

[3] R. 2, 15

1

Copies of the promissory notes at issue, filed in record by the government, show that on April 29, 2005, defendants applied for and were granted a consolidation of the notes previously executed on 3/21/03 and 11/04/03.[4] The resulting consolidation note was made in the amount of $83,922.08 and carried a 3.0% interest rate per annum.[5] As listed above, defendants also executed another promissory note in the amount of $75,000.00 on that date.[6]

The record further reflects that on June 1, 2006 defendants applied for and were granted a rescheduling and deferral of payments as to loan numbers 44-10, 44-05 and 44-06. The promissory note executed on June 1, 2006 to effect the rescheduling was made in the amount of $82,187.31 and bears an interest rate of 3.0% per annum.[7] Defendants were also granted a rescheduling of their prior loan number 44-09 and executed a promissory note in the amount of $63,872.63 bearing an interest rate of 4.25% per annum.[8]

The government's motion asserts that the following amounts are now due and payable under the notes described above by virtue of defendants' default.

| Loan No. | Date of Loan | Unpaid Principal | Unpaid Interest | Daily Accrual |
|---|---|---|---|---|
| 44-13 | 06-01-06 | $21,358.76 | $71.99 | 1.7555 |
| 44-14 | 06-01-06 | $60,850.92 | $3,989.08 | 7.0854 |
| 43-11 | 06-07-06 | $3,450.00 | $142.14 | .3545[9] |

---

[4]This loan is referred to as Loan No. 44-10. R. 2 at "Plaintiff's Exhibit 4-A"

[5]Id.

[6]R. 2 at "Plaintiff's Exhibit 6-A."

[7]R. 2 at "Plaintiff's Exhibit 5-A."

[8]R. 2 at "Plaintiff's Exhibit 7-A."

[9]Affidavit of John Robert Fontenot [R. 15-2].

2

The government asserts that it made written demand for unpaid principal and interest on or about May 23, 2008 and, when defendants made no payment on these overdue accounts, instituted this action.[10] The record reflects that defendants were timely served with notice of this lawsuit on or about March 30, 2009.[11] Defendants have filed no answer to this suit and, for that reason, a preliminary default was entered against them by the clerk of court on April 21, 2009 pursuant to a motion for same by the government.[12] Defendants have similarly failed to answer the government's instant motion.

After review of the record in this case, including supporting documentation of the notes at issue, the court finds no reason why judgment in personam should not be entered against defendants in this matter. Although the promissory notes at issue were secured by duly recorded mortgages on property described "Lot 37 of Woodland Acres East, Unit No. 2, as per plat in official plat book 6," the government seeks in personam judgment because that real property was subject to a prior lien and was sold at Sheriff's sale, leaving the government with no collateral to pursue for repayment of these debts.[13] The court also notes that the government has demonstrated that defendants were provided with sufficient notice of this lawsuit and of the potential judgment against them as is necessary to satisfy due process considerations.[14]

---

[10] R. 15 at p. 3.

[11] R. 4, 5.

[12] R. 8.

[13] R. 15 at p. 3.

[14] U.S. Rubber Co. v. Poage, 297 So.2d 670 (5th Cir. 1962) (court must be satisfied that sufficient notice to satisfy due process considerations has been given before rendering judgment in personam).

3

For the foregoing reasons, the court finds that the government's motion for judgment in personam should be granted.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 14th day of May, 2010.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE